J. C. PRATHER v. C. W. McGAVREN, Appellant.

VERDICT FOR MORTGAGEE AGAINST EXECUTION CLAIMANT: SUSTAINED BY THE EVIDENCE.

*Appeal from Harrison District Court.*—HON. SCOTT M. LADD, Judge.

WEDNESDAY, MAY 16, 1894.

ACTION at law to recover damages for levying, upon an execution, on certain personal property, and selling the same. It is claimed the plain-

tiff held a valid chattel mortgage upon the property. There was a trial by jury, verdict and judgment for plaintiff, and the defendant appeals.— *Affirmed.*

*J. S. Dewell* for appellant.

*S. H. Cochran* for appellee.

ROTHROCK, J.—The property which it is claimed was mortgaged to plaintiff was owned by one Weilinga. The defendant commenced an action against Weilinga before a justice of the peace, and recovered a judgment against him. At about that time, Weilinga executed and delivered a chattel mortgage to the plaintiff upon certain live stock, consisting of a horse and some cattle. The mortgage was recorded, but the description of the property therein was so general and indefinite that the record of the mortgage did not impart constructive notice to third persons. The defendant caused execution to be issued on his judgment, and a levy to be made on the mortgaged property, upon which the same was sold. The plaintiff claims that the defendant had actual notice before the levy was made that the property was the identical live stock which was mortgaged, and that, before any levy was made, actual notice was given to the defendant's attorney, and to the constable who held the execution. This averment was denied by the defendant, and it was further claimed by defendant that the execution of the mortgage was a fraudulent conspiracy to cheat the creditors of Weilinga. The case was tried upon these plain issues, and it is insisted by counsel for appellant that the learned district judge who tried the case committed numerous ·grave errors in rulings upon the admission and exclusion of evidence, and in the instructions to the jury, and in refusing a new trial on the ground that the verdict was not supported by sufficient evidence. We have examined all the rulings of which appellant complains, with care, and have to say that no one of the objections thereto appears to us to be well taken. The issues presented, and the law pertaining thereto, are so well understood in the courts of this state as to almost preclude the possibility of error in a case of this kind. We must decline to follow counsel through, and answer the objections made. There is not one of them that rises above the merest criticism. The judgment of the district court is AFFIRMED.